The opinion of the Court was delivered by
Bermudez, C. J.
This is an action to hold personally responsible the defendants, who are the Mayor and Trustees of the City of Shreveport, for an alleged diversion of funds raised to satisfy a judgment which plaintiff represents against the corporation, and on which $2,350 remain due.
The defense is, that the taxes, etc., were not levied for the special purpose of paying the judgment, but with a view to satisfy, as far as the same could j nstify, all the budgeted debts and liabilities of the city *1095 after provision made for its alimony, and tliat what taxes, etc., were thus realized, were accordingly applied.
From a judgment in favor of the defendants, the plaintiff has appealed.
It appears that, in order to secure a satisfaction of the judgment, a mandamus had been obtained in Sept., 1875, directing the then municipal authorities to “forthwith proceed and collect a sufficient tax and discharge tho judgment of plaintiff and all costs.” This order was served in August, 1878.
The defendants were inducted into office in 1878. Finding the judgment unsatisfied, they placed it on the budget of that year, with other debts, to be paid in 1879; but passed no ordinance to levy a special tax and made no special provision for it.
The evidence shows that the funds proceeding from taxes, licenses and fines, after being applied to the alimony of the city, were distributed pro rata among the city creditors recognized on the budget, and that the amount accruing on the judgment in question was actually applied to it, reducing it, as stated, to $2,350.
The plaintiff claims that part of the funds, which should have been applied to a further satisfaction of the judgment, was diverted and used to pay liabilities not in the budget.
We have looked through the transcript, and specially the Comptroller’s report for 1875, and although we.find that a saving of some $3,000 was made, we have failed to discover any accounted misappropriation of the same to such liabilities or otherwise, as charged by plaintiff.
Surely there was no diversion of funds for private purposes. If the amount was used to extinguish corporate debts, the plaintiff has not sustained such injury thereby as demands that the defendants, who are not charged with bad faith, should be mulcted personally to pay the balance due, when the corporation is well able to pay her debts, particularly that represented by the plaintiff. The only injury which can be complained of is the deprivation of the enjoyment of the money ; but for such deprivation, the very judgment allows eight per cent, interest. Dillon, M. C., § 691 and note.
Had the diversion charged taken place, and liad the plaintiff thereby sustained loss and injury, there can be no doubt that the defendants would have been liable.
Judgment affirmed, rvith costs.